**Ronnie ESCOBEDO aka John Thomas Ledford, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59272.**

Court of Criminal Appeals of Texas, En Banc.

June 10, 1981.

Rehearing Denied Sept. 23, 1981.

---

Charles Herring, Jr., San Antonio, court appointed, for appellant.

Bill M. White, Dist. Atty., Bill Harris, Douglas C. Young and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment, en-

---

hanced by the use of two prior felony convictions, was assessed at life imprisonment.

The record reflects that on March 30, 1977, the appellant was followed to a certain residence by undercover police officers. The appellant parked his car in front of the residence, then walked to the back of the house. Surveillance had been set up at the residence by 12 to 16 officers in at least five cars. A helicopter had also been enlisted to apprehend the lone appellant. The officers watched as the appellant made several trips from the house to his car. Despite the extensive surveillance, the appellant was only seen carrying a crowbar. The appellant was not arrested as he left the burglarized residence. The record reflects that undercover officers drove up to the appellant at an intersection; one officer pulled out his badge and announced that they were police officers. The appellant sped off; the police officers testified that the appellant fired at them. After both tires of appellant's car were shot out, the appellant stopped and threw out a gun. Appellant's testimony that he was handcuffed, then kicked and pistol-whipped was corroborated by an eye witness and was not controverted by the State.

By ground of error twelve, appellant contends that reversible error was committed when the trial court allowed the prosecutor to argue outside the record concerning the death of a police officer who was in no way connected to the case. The argument appears in the record as follows:

"They captured him. They caught him right flat in the act. They knocked him down. They caught him. They arrested him after he had tried to kill a policeman. All these liars and all the policemen are trying to manufacture evidence. If you don't think they were scared after that shot—after that shooting, then you're wrong. *Because just like Eloy Gonzales is laying over there in Roy Akers' Funeral Home this morning, Officer Gonzales*—

MR. HERRING: I object to something that has—

THE COURT: Overruled."
(Emphasis added)

The State concedes that the argument is outside the record, but explains that the argument was made in an attempt to explain the actions of the police during the arrest.

In *Lopez v. State*, 500 S.W.2d 844 (Tex. Cr.App.1973), the following argument was held to constitute reversible error,

"I'm concerned about the open season that is coming on police officers. I believe the same week these officers were killed there were eleven killed in America."

The court stated:

"The argument that eleven officers were killed the same week was not based on evidence in the trial. Patently, such evidence would not have been admissible had it been offered."

The defendant in *Lopez v. State*, supra, was convicted for the murder of a police officer. In the instant case, the appellant stood charged with burglary. Argument referring to the unrelated death of a police officer during a trial for burglary is totally outside the record and is manifestly improper. Accordingly, appellant's contention is sustained.

The judgment is reversed and remanded.