John Albert DRAPER, Appellant,

v.

STATE of Texas, Appellee.

No. A14–82–196–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 2, 1984.

Craig Washington, Donald W. Rogers, Jr., Houston, for appellant.

James Brough, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

John Albert Draper appeals his conviction for burglary of a habitation for which his enhanced punishment was set at life imprisonment. In two grounds of error, appellant contends that the evidence presented was insufficient to support his conviction, and that the trial court erroneously denied his motion to dismiss under the provisions of the Speedy Trial Act. We affirm the conviction.

Because the sufficiency of the evidence is challenged, we will first review the relevant facts. Louis Holmes, a maintenance man at the Fountainview Apartments, testified that he noticed a man, identified as John Albert Draper, and his wife, Janice Draper, sitting in a car outside the apartment complex washateria. The woman got out of the car and began walking from apartment to apartment, knocking on doors. During this time, appellant had parked the car and walked away from the apartments toward a nearby convenience store. Mr. Holmes then observed that Janice Draper had crossed a street in the complex and picked up a car rim that had been discarded in the complex. She took the rim to the patio area belonging to the complainant, Mrs. Kays. Mrs. Draper then used the rim to pull herself into a tree and over the wooden fence surrounding Mrs. Kays's patio. Moments later Mr. Holmes saw the sliding patio door open. He immediately went to the apartment manager's office to inform them of the activities. He returned to Mrs. Kays's apartment with the manager and assistant manager. The assistant manager went to Mrs. Kays's front door and began knocking on it. Mr. Holmes and the manager waited in the back and then observed appellant and his wife coming out of Mrs. Kays's patio gate. The manager attempted to question them as to their reasons for being there, whereupon Mrs. Draper mumbled something about looking for an old woman. The manager offered to help them locate the woman and suggested that they accompany her to the apartment offices; appellant and his wife, however, refused to speak with them and instead went to their car and sped off. The manager was able to observe their license plate number and reported the same to the police. Based on this information, appellant was apprehended the next day.

Although nothing was missing from Mrs. Kays's apartment, several items were displaced. The television in her daughter's room was turned around, and the television in her own room was turned on and the remote control placed on top of the television, while she typically places it by her bed. A camera which she kept in her closet was on the bed, and a trophy usually kept in a trophy case in the living room, was on the couch. The patio door had been pried open, and Mrs. Kays testified that it had been securely locked when she left that morning. Based on this information, appellant was indicted and convicted of burglary of a habitation.

In his first ground of error, appellant contends that there was insufficient evidence to convict him, either individually or as a party to the burglary. In order to sustain appellant's conviction the evidence presented must establish all material elements of the offense. *Alvarado v. State*, 632 S.W.2d 608, 610 (Tex.Crim.App.1982).

We must review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *See Phipps v. State,* 630 S.W.2d 942, 944 (Tex.Crim.App. 1982). The essential elements of burglary are: (1) a person; (2) without the effective consent of the owner; (3) enters a habitation with the intent to commit a felony or theft. *Garcia v. State,* 571 S.W.2d 896, 899 (Tex.Crim.App.1978). *See also Ford v. State,* 632 S.W.2d 151, 152 (Tex.Crim.App. 1982). Since the trial record positively established that the appellant was discovered leaving Mrs. Kays's enclosed apartment patio area and that she had not given him consent to enter, the only elements of burglary that appellant could plausibly challenge are entry and intent.

■ Both entry and intent may be established by circumstantial evidence. *Clark v. State,* 543 S.W.2d 125, 127 (Tex. Crim.App.1976); *Williams v. State,* 537 S.W.2d 936, 938 (Tex.Crim.App.1976); *Garcia v. State,* 649 S.W.2d 70, 72 (Tex.App.— Corpus Christi 1982, no pet.); *Warren v. State,* 641 S.W.2d 579, 582 (Tex.App.—Dallas 1982), *pet. dism'd,* 652 S.W.2d 779 (Tex. Crim.App.1983) (en banc). In the instant case, appellant was discovered leaving the enclosed patio area of an apartment which had been forcibly entered, and which had been secured by the resident that morning. The sliding door to the apartment had been pried open and a number of items inside the apartment had been moved from their normal location. He and his wife left the premises through the back door only when the assistant manager pounded on the front door. When confronted by the apartment manager, appellant did not offer any explanation for his presence, nor did he agree to accompany her to the office. Instead, he quickly fled the premises, jumped into his car, and hurriedly sped off, almost hitting the manager in his haste to leave. These actions, without realistic justification therefor, are circumstantially sufficient to establish both his entry and intent.

■ Appellant urges that these circumstances merely established his presence at the scene of the crime and his flight therefrom, and that this was insufficient to sustain his conviction. *See Moore v. State,* 532 S.W.2d 333, 337 (Tex.Crim.App.1976); *Ysasaga v. State,* 444 S.W.2d 305, 308 (Tex. Crim.App.1969). These cases, however, each involved a person who was simply found in the *vicinity* of a crime, not one actually at the scene, as was the case with appellant Draper. Additionally, while these circumstances alone are not adequate to sustain a conviction, they are circumstances which tend to prove guilt, and which, combined with additional facts, may suffice to show appellant was a participant. *Thomas v. State,* 645 S.W.2d 798 (Tex. Crim.App.1983). *See also Robinson v. State,* 658 S.W.2d 779, 781 (Tex.App.— Beaumont 1983, no pet.). We find the evidence cumulatively sufficient to uphold the judgment.

■ Appellant also suggests that Mrs. Draper offered a reasonable hypothesis and justification for his presence at the scene of the crime. She testified that she and appellant went to the complex looking for her friend, Dan, who she thought would help them rent an apartment. As she was looking for him, she became dazed, and she just suddenly found herself in Mrs. Kays's apartment, not knowing how she got there. She testified that her loss of consciousness was not an unusual occurrence to her, as she was "attempting to kick a drug habit" and had experienced memory lapses in the past. Once she discovered herself in Mrs. Kays's apartment, she saw a cat, which looked like her deceased aunt's cat, which, in turn, led her to believe she was actually present in her dead aunt's apartment. She then left the apartment, located appellant, and took him back into the apartment to prove her story. Mr. Holmes and the apartment managers discovered them as they were leaving the enclosed patio area of the apartment. While this testimony does present a novel hypothesis for appellant's presence at the scene of the burglary, it is difficult to consider the combination of "looking for Dan", cat, and dead

aunt hypothesis reasonable, particularly considering the method of entry, the hasty exit, and the displacement of items in the apartment. *See O'Pry v. State*, 642 S.W.2d 748 (Tex.Crim.App.1982).

 Additionally and alternatively, appellant was guilty as a party to the burglary. Under section 7.02 of the Penal Code, a defendant is guilty as a party to an offense when he is physically present at the commission of the offense and encourages the commission by words or agreement. *Porter v. State*, 634 S.W.2d 846, 849 (Tex.Crim.App.1982). Such an agreement to act together in committing an offense may be established by circumstantial evidence. *Medrano v. State*, 658 S.W.2d 787, 791 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). In determining whether appellant participated as a party, the fact finder may consider events before, during, and after the offense and may rely on actions indicating an understanding to do a certain act. *Strelec v. State*, 662 S.W.2d 617, 619 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

In the instant case, appellant drove his wife to the complex where the burglary took place. He loitered in the area while she knocked on doors and then entered Mrs. Kays's apartment in order to verify that his wife had found a cat and apartment belonging to her dead aunt. After the assistant manager knocked on the front door of the apartment, he was then discovered leaving those premises from the rear with his wife and rushed her to his car, refusing to stop and speak with the manager. These circumstances present sufficient evidence for the trier of fact to determine that appellant was a party to this offense. Appellant's first ground of error is overruled.

Appellant was indicted on November 11, 1980, but was not tried until September 16, 1981. At that time, he filed a motion to dismiss claiming that more than 120 days had elapsed since his indictment, and that this violated the provisions of the Speedy Trial Act. The court denied that motion. On September 18, 1981, however, the trial ended and resulted in a mistrial caused by a hung jury. While the trial court apparently had legal justification for denying the motion, we need not delve into it as Article 32A.02 of the Code of Criminal Procedure specifically provides that a criminal action commences on the date of the mistrial. Tex.Crim.Proc.Code Ann. art. 32A.02 § 2(b) (Vernon Supp.1984). Consequently, appellant could only suggest error under the Speedy Trial Act as to the second trial, since that is the relevant action for purposes of the Act. Appellant did not move for a discharge in the second trial, and therefore waived any alleged speedy trial rights by the specific provisions of article 32A.02 § 3. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.