**Kenneth Ray WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00510–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 25, 1989.

Jane Wynegar, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Graciela Saenz, Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

O'CONNOR, Justice.

The trial court convicted Kenneth Ray Walker, appellant, of burglary of a motor vehicle with the intent to commit theft and assessed punishment at seven years confinement. In his only point of error, appellant alleges the evidence was insufficient to support his conviction.

It was a dark and cloudy night when someone burglarized Pamela Spencer's van. Spencer testified that at about 10:30 p.m. on February 16, 1988, she heard a knock at her front door. Without opening the door, she asked who was there. A man, later identified as Craig Punch, said he had run out of gas and asked if her husband was home. When she said "no," he left. Looking through the curtains, Spencer could see someone sitting in a white truck parked on the street. She remembered the same truck parked in front of her house the night before.

A few minutes later, Spencer heard Punch knocking on the back door. He told Spencer her husband asked him to install burglar bars. Spencer said they already had burglar bars. Spencer then heard someone breaking into her van. A few minutes later, Punch walked back by the house toward the truck, carrying a tire, a sledge hammer, and an axe. Although she did not see who put the items in the truck, she said both Punch and the appellant were standing by the truck. Appellant then walked away from the truck. During this time, Spencer was frantically calling the police.

The police arrived about 11:00 p.m. They found both the axe and sledge ham-

mer in the back of the truck; the tire was never recovered.

Appellant returned about 15 minutes after the police arrived. Officer Myrick testified that appellant asked what was happening. Appellant told Myrick he owned the truck. Myrick testified appellant said that the truck had broken down and that he had gone for help. Punch told the officer they ran out of gas. In the offense report, one of the officers wrote that both co-defendants said they ran out of gas.

The complainant, Fleet Spencer, arrived shortly after the officer and saw appellant walk up to the scene. He did not see appellant carrying anything. Pamela Spencer said she did not notice if appellant had a gas can when he returned.

The defense called Melvin Miller, a wrecker driver. He testified he saw a black male walking down the street carrying a gas can about 15 minutes before he heard the burglary call. When Miller arrived at the Spencer's house, he saw appellant and Punch in the back seat of the officer's car. Miller told the officers that he saw one of them walking on the street carrying a gas can a few minutes earlier.

Punch testified they ran out of gas in front of Spencer's house, and appellant went to get gas. After appellant left, Punch decided to commit the burglary without appellant's knowledge. Punch said he put the sledge hammer and axe in the bed of the truck and walked south with the tire. He returned to the truck and waited for appellant. The police arrived and arrested him.

In reviewing the sufficiency of the evidence, we evaluate it in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App. 1984). We judge the sufficiency of the evidence to support a conviction by the standard established in *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979): "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Anderson v. State,* 701 S.W.2d 868, 872 (Tex.Crim.App. 1985). The standard is applied to both direct and circumstantial cases. *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Crim.App. 1983). If the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Anderson v. State,* 701 S.W.2d at 872.

The Texas Court of Criminal Appeals has stated:

> [W]hile presence of an accused at the scene of an offense is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt, which, combined with other facts, may suffice to show that the accused was a participant.

*Beardsley v. State,* 738 S.W.2d 681, 685 (Tex.Crim.App.1987). Although the evidence conclusively established that Punch committed a burglary, it fails to exclude all reasonable hypotheses other than appellant's guilt. At best, the evidence shows that: (1) appellant stayed in the truck during the burglary; (2) he stood next to the truck when Punch returned to the truck with the stolen items; and (3) he then walked away after Punch returned to the truck.

In *Medrano v. State,* 658 S.W.2d 787, 792 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd), this Court held a defendant's presence at the back of a car when his brother returned from a burglary was as consistent with innocence as it was with guilt. In this case, there is no evidence, direct or circumstantial, that appellant participated in the burglary. This case is within the rationale of *Medrano* and may be distinguished from cases where there was proof that the defendant aided in the commission of the offense. *See Watson v. State,* 671 S.W.2d 663, 665 (Tex.App.—Houston [1st Dist.] 1984, pet ref'd); *Hall v. State,* 630 S.W.2d 709, 710–11 (Tex.App.—Houston [1st Dist.] 1981, pet ref'd).

To convict appellant as a party to burglary, the State must show that he acted "with intent to promote or assist the commission of the offense, he solicit[ed], encourage[d], direct[ed], aid[ed], or attempt[ed] to aid" Punch in committing the

offense. Tex.Pen.Code Ann. sec. 7.02(a)(2) (Vernon 1974). The evidence does not exclude the reasonable hypothesis that Punch acted without assistance or encouragement from appellant.

We sustain appellant's point of error and reverse and acquit appellant.