NUMBER 13-04-378-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

RONNIE JAMES ROEDERSHEIMER,                              Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                   On appeal from the 36th District Court

                           of Aransas
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                Before Justices Rodriguez, Castillo,
and Garza

                  Memorandum Opinion by Justice Castillo

 








A jury
convicted appellant Ronnie James Roedersheimer of burglary of a habitation.[2]  The trial court assessed punishment at eight
years' confinement in the Texas Department of Criminal JusticeBInstitutional Division.  By two issues, Roedersheimer asserts that (1)
the evidence is insufficient to sustain the verdict, and (2) the photographic
lineup was impermissibly suggestive.  We
affirm.

I.  RELEVANT FACTS

On or about
January 16, 2004, at around noon, retired police officer James Valentino[3]
was routinely walking his dog in his neighborhood when he observed a young man
on a bicycle with a "big large sack over his shoulder."  The man appeared to be getting ready to take
off on his bicycle.[4]  The two, approximately fifteen to twenty feet
apart, made eye contact.  Valentino asked
him what he was doing there.  The man
dropped the sack and rode away. 
Valentino saw a broken window on the back of a small house.  The "sack" was a bed sheet.  In it, Valentino saw "stereo
components."  He saw no one else in
or around the property.  Ten days later,
Valentino identified Roedersheimer from a police photograph lineup.  At trial, Valentino identified Roedersheimer
as the man he saw that day. 








Deputy Ronnie
Crisp testified that he was dispatched to the scene.  He determined a broken rear window to be the
point of entry to the house.  Crisp
unwrapped the sheet at the scene and found a home-stereo unit inside.  The owner of the house, William French,
testified that the last time he was at his house, the window was not broken and
the stereo equipment was in its place. 
He testified that he did not give Roedersheimer, who he did not know,
permission to enter his house.  French
testified that he owned the stereo equipment. 


Criminal
investigator Matthew Baird testified that, on January 26, 2004, he showed
Valentino a six-person photographic lineup. 
"A few seconds later," without hesitation, Valentino
identified Roedersheimer as the person involved in the burglary offense.  The lineup was admitted in evidence, without
objection.  When Baird reached
Roedersheimer's residence to execute the arrest warrant, he observed a bluish,
ten-speed bicycle "against the fence opposite the porch."  

The defense
called Marcy Roedersheimer, Roedersheimer's mother, to testify.  She testified that on January 16, 2004,
Roedersheimer did not have "short blonde hair" as Valentino describedBinstead his head was "shaved bald."  She further testified that he owned a car but
not a bicycle.  Two photographs of
Roedersheimer admitted in evidence depict him bald and with shorter hair than
represented in the photographic lineup.  

II.  SUFFICIENCY OF THE EVIDENCE

A.  Legal Sufficiency Standard of Review








A legal‑sufficiency
challenge requires us to review the relevant evidence in the light most
favorable to the verdict, and then to determine whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443
U.S. 307, 319 (1979)); see Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003) (en banc); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000) (en banc).  This standard is
designed to give "full play to the [jury's] responsibility fairly" to
"draw reasonable inferences from basic facts to ultimate facts."  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  We consider all
the evidence that sustains the conviction, whether properly or improperly
admitted.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State, 919
S.W.2d 370, 378 (Tex. Crim. App. 1994) (en banc)).  Similarly, we consider all the evidence that
sustains the conviction, whether submitted by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc); Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc).  In
this review, we are not to reevaluate the weight and credibility of the
evidence; rather, we act only to ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). 








The legal
sufficiency of the evidence is measured against the elements of the offense as
defined by a hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.BCorpus Christi 1999, pet. ref'd).[5]  This standard of legal sufficiency ensures
that judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime, rather than a mere error
in the jury charge submitted.  Malik,
953 S.W.2d at 240.  We then determine if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson,
443 U.S. at 319; Johnson, 23 S.W.3d at 7.       

B.  Factual Sufficiency Standard of Review

1.  Scope and Standard of Review 








A factual‑sufficiency
review begins with the presumption that the evidence supporting the jury's
verdict is legally sufficient, that is, sufficient under Jackson v. Virginia,
443 U.S. 307, 319 (1979).  See Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) (en banc).  In a factual sufficiency review, the
appellate court views all the evidence in a neutral light and determines
whether evidence supporting the verdict is too weak to support the finding of
guilt beyond a reasonable doubt or if evidence contrary to the verdict is
strong enough that the beyond‑a‑reasonable‑doubt  standard could not have been met.  Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (en banc).  A
clearly wrong and unjust verdict occurs where the jury's finding is
"manifestly unjust," "shocks the conscience," or
"clearly demonstrates bias."  Prible
v. State, No. AP‑74,487, 2005 Tex. Crim. App. LEXIS 110, at *16‑*17
(Tex. Crim. App. January 26, 2005) (designated for publication).  In conducting a factual sufficiency review,
we review all the evidence.  Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  We must consider the most important evidence
that the appellant claims undermines the jury's verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we
approach a factual‑sufficiency review with appropriate deference to avoid
substituting our judgment for that of the fact finder.[6]  Johnson v. State, 23 S.W.3d 1, 6‑7
(Tex. Crim. App. 2000) (en banc).  Every
fact need not point directly and independently to the accused's guilt.  Vanderbilt v. State, 629 S.W.2d 709,
716 (Tex. Crim. App. 1981).  A conclusion
of guilt can rest on the combined and cumulative force of all the incriminating
circumstances.  Id. 








Our neutral
review of all the evidence, both for and against the challenged elements, looks
to determine whether proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or whether proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  See Zuniga v. State, 144 S.W.3d
477, 484‑85 (Tex. Crim. App. 2004); see also Zuliani v.
State, 97 S.W.3d 589, 593‑94 (Tex. Crim. App. 2003).  We remain mindful of the jury's role to
resolve conflicts in testimony.  See
Mosley v. State, 983 S.W.2d 249, 254 (Tex.

Crim. App. 1998) (en banc) (holding that questions
concerning the credibility of witnesses and the weight to be given their
testimony are to be resolved by the trier of fact); see also Esquivel v.
State, 506 S.W.2d 613, 615 (Tex. Crim. App. 1974).  We must assume that the fact finder resolved
conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution.  Matchett
v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996) (en banc). 

2.  Hypothetically Correct Jury
Charge








We measure the factual sufficiency of the evidence against a
hypothetically correct jury charge.[7]  Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.BCorpus Christi 2002,
pet. ref'd).  Thus, the hypothetically
correct jury charge authorized the jury to find Roedersheimer guilty of the
offense of burglary of a habitation if he (1) intentionally and knowingly (2)
entered French's habitation (3) with the intent to commit theft.[8]  See Tex.
Pen. Code Ann. ' 30.02(a)(3) (Vernon
2003) and _ 31.03(a) (Vernon Supp. 2004-05); Williams
v. State, 505 S.W.2d 838, 841 (Tex. Crim. App. 1974).  "Owner" means a person who
"has title to the property, possession of the property, whether lawful or
not, or a greater right to possession of the property than the actor."  Tex.
Pen. Code Ann. ' 1.07(a)(35)(A)
(Vernon Supp. 2004-05). 

Guilt of the offense of burglary can be established circumstantially
by the combined and cumulative force of all the incriminating circumstances.  Medrano v. State, 658 S.W.2d 787, 790
(Tex. App.BHouston 1983, pet.
ref'd) (citing Phipps v. State, 630 S.W.2d 942, 945 (Tex. Crim. App.
1982)).  However, proof of guilt by
accompanying circumstances is subject to the same rigorous standard of proof
required of direct evidence, namely, proof beyond a reasonable doubt.  See Medrano, 658 S.W.2d at 790 (citing
Hankins v. State, 646 S.W.2d 191, 200 (Tex. Crim. App. 1983) (en banc
opinion on rehearing)).  In deciding whether
the circumstantial evidence is sufficient to support a conviction, each case
must necessarily be tested by its own facts.  Id. (citing Robinson v. State, 570
S.W.2d 906, 910 (Tex. Crim. App. 1978) and Ysasaga v. State, 444 S.W.2d
305, 308 (Tex. Crim. App. 1969)).  The
State may prove entry through circumstantial evidence.  Gilbertson v. State, 563 S.W.2d 606, 608
(Tex. Crim. App. [Panel Op.] 1978); Draper v. State, 681 S.W.2d 175, 177
(Tex. App.BHouston [14th Dist.]
1984, pet. ref'd).  








When there is independent evidence of a burglary, the unexplained
personal possession of recently stolen property will support an inference that
the possessor is guilty of the offense in which the property was stolen.  Harris v. State, 656 S.W.2d 481, 483
(Tex. Crim. App. 1983) (en banc); Hardesty v. State, 656 S.W.2d 73, 76
(Tex. Crim. App. 1983) (en banc).  Once
the permissible inference arises, sufficiency of the evidence must still be
examined according to applicable evidentiary standards of appellate review,
because the inference is not conclusive.[9]
 Hardesty, 656 S.W.2d at 77.  Flight is also a circumstance indicating
guilt.  Colella v. State, 915
S.W.2d 834, 839 n.7 (Tex. Crim. App. 1995) (en banc) ("We have repeatedly
held that flight is evidence of a circumstance from which an inference of guilt
may be drawn."); Rumbaugh v. State, 629 S.W.2d 747, 752 (Tex. Crim.
App. 1982); Valdez v. State, 623 S.W.2d 317, 319 (Tex. Crim. App. 1981)
(en banc); McWherter v. State, 607 S.W.2d 531, 534 (Tex. Crim. App.
1980). 

C.  Discussion

In his first issue, Roedersheimer asserts that the evidence is legally
and factually insufficient to prove (1) entry, and (2) identity.  He argues that no one saw him, or anyone
else, enter or leave the premises.  

1.  Entry








The evidence of entry is circumstantial.  Viewed in the light most favorable to the
verdict, the evidence showed that Valentino saw an individual he unequivocally
identified as Roedersheimer in possession of stereo components that belonged to
Fisher.  Once Roedersheimer fled,
Valentino observed a broken window which deputy Crisp identified as the point
of entry into the house.  French
testified that the stereo equipment was in the residence when he was last
there, and he did not give Roedersheimer permission to access the house.  While outside the house,  Roedersheimer fled the scene and he left
behind French's stereo components.  We
conclude that the combined and cumulative force of the evidence, when viewed in
the light most favorable to the verdict, was sufficient for a rational trier of
fact to find, beyond a reasonable doubt, the essential element of entry.  See  Tex.
Pen. Code Ann. _ 30.02(a)(3) (Vernon 2003); Escamilla,
143 S.W.3d at 817; Medrano, 658 S.W.2d at 790; Draper, 681 S.W.2d
at 177; Colella, 915 S.W.2d at 839 n.7. 
We conclude the evidence is legally sufficient to prove entry.  Id.








Roedersheimer focuses on contrary evidence that law enforcement did
not secure the scene or lift fingerprints from the property or the scene that would
place him inside the residence.  Viewed
in a neutral light, the evidence indicates that Roedersheimer was the sole
person outside the house in possession of property that was removed from
French's house without French's consent. 
Upon eye contact with Valentino while in possession of the property,
Roedersheimer fled the scene leaving the property behind.  We conclude that the evidence is not too weak
to support the jury's finding of the essential element of entry nor is the
weight of the evidence contrary to the verdict strong enough that the State
could not have met its burden of proof beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484‑85; Medrano,
658 S.W.2d at 790.  We conclude the
evidence was also factually sufficient to prove entry.  Id. 

2.  Identity

Roedersheimer also focuses his sufficiency challenge on the essential
element of identity.  He points to
evidence that contradicts Valentino's description of the person he saw at the
scene.  Roedersheimer further argues that
Valentino admitted his eyesight was not 20-20 and, in his law enforcement
experience, mistakes in identification occur. 
In short, he argues that Valentino's errors in his description of the
wrongdoer render the evidence of identity insufficient.

During cross-examination, Valentino testified that he described to
police that the wrongdoer was five feet seven inches tall and had short blonde
hair.  Roedersheimer points to a defense
exhibit admitted in evidence, the booking sheet, that shows Roedersheimer's
height as five feet three inches. 
However, Valentino testified he had "no doubt" that
Roedersheimer was the person he saw. 
Valentino testified he was fifteen to twenty feet from Roedersheimer and
the two made eye contact.  Valentino
explained that he said "about" that height and further explained that
Roedersheimer was on the bicycle.  








Regarding Valentino's description of short blonde hair, Roedersheimer
points to contrary evidence that, according to his mother's testimony, he was
bald on January 16, 2004.  Two
photographs admitted in evidence show he was bald and he had short hair.  The lineup photograph shows his hair
longer.  Even so, investigator Baird
testified that, ten days after the offense, Valentino identified Roedersheimer
without hesitation and within seconds of viewing the photographic lineup.  

Viewed in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found the essential element of identity
beyond a reasonable doubt.  See
Escamilla, 143 S.W.3d at 817.  We
conclude the evidence is legally sufficient to prove identity.

Viewed in a neutral light, we conclude that the evidence is not too
weak to support the jury's finding of identity nor is the weight of the
evidence contrary to the verdict strong enough that the State could not have
met its burden of proof beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484‑85.  That the evidence of guilt was not free of
contradiction and that the credibility of witnesses may have been subject to
question does not require us to conclude that the verdict was factually
insupportable.  See Zuliani, 97
S.W.3d at 593‑94.  Those
circumstances merely create issues for the jury to resolve.  Id. 
The jury is the exclusive judge of the credibility of the witnesses and
of the weight to be given their testimony. 
Tex. Code Crim. Proc. Ann. art.
36.13 (Vernon 1981); Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979). 
We conclude the evidence is factually sufficient to prove identity.

Accordingly, we overrule the first issue presented.

III.  PHOTOGRAPHIC LINEUP

In his second issue, Roedersheimer argues that the photographic lineup
was impermissibly suggestive.  The State
responds, in part, that error was not preserved. 








"All a party has to do to avoid the forfeiture of a complaint on
appeal is to let the trial judge know what he wants, why he thinks himself
entitled to it, and to do so clearly enough for the judge to understand him at
a time when the trial court is in a proper position to do something about
it."  Keeter v. State, No. PD‑1012‑03,
2005 Tex. Crim. App. LEXIS 521at *9 (Tex. Crim. App. April 6, 2005) (quoting Lankston
v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (en banc)); see Tex. R. App. P. 33.1; Young v. State,
137 S.W.3d 65, 69-70 (Tex. Crim. App. 2005) (en banc); Martinez v. State,
91 S.W.3d 331, 336-37 (Tex. Crim. App. 2002). 
Because Roedersheimer did not present his complaint to the trial court,
he has not preserved error for review. 
We overrule the second issue presented.

IV.  CONCLUSION  

Having overruled both issues, we affirm the trial court judgment.

 

 

ERRLINDA CASTILLO

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and filed

this 30th  day of June, 2005.

 

 

 

 

 

 

 

 








 

 

 











[1] See
Tex. R. App. P. 47.2, 47.4.





[2] See Tex. Pen. Code Ann. '
30.02(a)(3) (Vernon 2003).  The
indictment alleged that, on or about January 16, 2004, Roedersheimer intentionally
and knowingly entered a habitation without the effective consent of William
French, the owner, and attempted to commit or did commit theft of property,
including a stereo with DVD. 
"Habitation" means a structure that is adapted for the
overnight accommodation of persons.  See Tex.
Pen. Code Ann. '
30.01(1) (Vernon 2003).  Roedersheimer
does not challenge the sufficiency of the evidence supporting the structure as
a habitation.  Even so, evidence
established that the property owner used the house at issue for overnight
accommodation.  





[3]
Valentino retired after working thirty‑four years in law enforcementBwork
including experience with cases involving the offense of burglary of a
habitation.  





[4]
Valentino described the bicycle as a "12-speed-type bicycle," dark in
color.

 

2





[5] A
hypothetically correct jury charge does not simply quote from the controlling
statute.  Gollihar v. State, 46
S.W.3d 243, 254 (Tex. Crim. App. 2001). 
Its scope is limited by the statutory elements of the offense as
modified by the charging instrument.  See
Fuller v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, P.J.,
concurring) (quoting Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App.
2000)).  Malik flatly rejects use
of the jury charge actually given as a means of measuring sufficiency of the
evidence.  See Gollihar, 46 S.W.3d
at 252.  Malik controls sufficiency
of the evidence analysis even in the absence of alleged jury charge error.  Id. at 255.  

 





[6] We
always remain aware of the fact finder's role and unique position, a position
we are unable to occupy.  Johnson v.
State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000) (en banc).  Exercise of our authority to disagree with
the fact finder's determination is appropriate only when the record clearly
indicates our intervention is necessary to stop manifest injustice.  Id. at 9.  Otherwise, we accord due deference to the fact
finder's determinations, particularly those concerning the weight and
credibility of the evidence.  Id.  Absent exceptional circumstances, issues of
witness credibility are for the jury, and we may not substitute our view of the
credibility of a witness for the constitutionally guaranteed jury
determination.  Id.; Tex. Code Crim. Proc. Ann. art.
38.04.  (Vernon 1979).





[7] The
court of criminal appeals has not specifically applied the hypothetically
correct jury charge analytical construct to factual‑sufficiency reviews
in jury trials.  See Zubia v. State,
998 S.W.2d 226, 227 n.2 (Tex. Crim. App. 1999) (per curiam) (en banc)
(dismissing as improvidently granted the question of whether Malik
should extend to factual grounds not submitted to the jury). 





[8] A
hypothetically correct charge is one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's
burden of proof or restrict its theories of liability, and adequately describes
the particular offense proof.  Malik,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano, 3 S.W.3d 99, 105 (Tex.
App.BCorpus
Christi 1999, pet. ref'd).  See also
footnote 5.





[9] In
reviewing the sufficiency of the evidence, we should look at "events
occurring before, during and after the commission of the offense and may rely
on actions of the defendant which show an understanding and common design to do
the prohibited act."  Guevara v.
State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citing Cordova v. State,
698 S.W.2d 107, 111 (Tex. Crim. App. 1985) and Thompson v. State, 697
S.W.2d 413, 416 (Tex. Crim. App. 1985)). 
Each fact need not point directly and independently to the guilt of the
appellant, as long as the cumulative effect of all the incriminating facts are
sufficient to support the conviction.  Id.
(citing Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987)
(en banc) and Russell v. State, 665 S.W.2d 771, 776 (Tex. Crim. App.
1983) (en banc)).  The evidence is
sufficient if the conclusion of guilt is warranted by the combined and
cumulative force of all the incriminating circumstances.  See id.