NUMBER 13-04-00336-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

LARRY SWEATT,                                                                             Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

     On appeal from the 28th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Larry Sweatt, guilty of the
offense of burglary of a habitation with intent to commit theft[1]
and assessed his punishment at seven years= imprisonment. The trial court has certified that
this is not a plea-bargain case and appellant has the right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  By a
single point of error, appellant contends the evidence is legally insufficient
to support his conviction.  We affirm.

Because the issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and facts in this opinion except as necessary to advise the parties of
the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4. 

                                                     A.  Standard
of Review

When we conduct a legal sufficiency review, we must
examine the evidence presented in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979);Young v. State, 14 S.W.3d 748, 753 (Tex. Crim.
App. 2000).  In making this
determination, we consider all the evidence admitted that will sustain the
conviction, including improperly admitted evidence.  Conner v. State, 67 S.W.3d 192, 197
(Tex. Crim. App. 2001).  Questions
concerning the credibility of the witnesses and the weight to be given their
testimony are to be resolved by the trier of fact.  Mosley v. State, 983 S.W.2d 249, 254
(Tex. Crim. App. 1998).  Evidence is not
rendered insufficient when conflicting evidence is introduced.  Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996).  The reviewing
court must assume that the fact finder resolved conflicts, including
conflicting inferences, in favor of the verdict, and must defer to that
resolution.  Id.  The fact finder may use common sense and
apply common knowledge, observation, and experience gained in ordinary affairs
when giving effect to the inferences that may be reasonably drawn from the
evidence.  Booker v. State, 929
S.W.2d 57, 60 (Tex. App.BBeaumont 1996, pet. ref'd).








We measure the legal sufficiency of the evidence by
the elements of the offense as defined by a hypothetically correct jury charge
for the case.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
This hypothetically correct jury charge would set out the law, be
authorized by the indictment, not necessarily increase the State's burden of
proof or necessarily restrict the State's theories of liability, and adequately
describe the particular offense for which the defendant was tried.  Id.; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000) ("We believe the 'law' as
'authorized by the indictment' must be the statutory elements of the offense .
. . as modified by the charging instrument.").

                                                          B.  Applicable
Law








A person commits burglary if, without the effective
consent of the owner, he enters a habitation not then open to the public, with
intent to commit theft.  See Tex. Pen. Code Ann. ' 30.02 (a)(3) (Vernon 2003).  Guilt of the offense of burglary can be
established circumstantially by the combined and cumulative force of all the
incriminating circumstances.  Medrano
v. State, 658 S.W.2d 787, 790 (Tex. App.BHouston
[1st Dist.]  1983, pet. ref'd) (citing Phipps
v. State, 630 S.W.2d 942, 945 (Tex. Crim. App. 1982)).  However, proof of guilt by accompanying
circumstances is subject to the same rigorous standard of proof required of
direct evidence, namely, proof beyond a reasonable doubt.  See Medrano, 658 S.W.2d at 790 (citing Hankins
v. State, 646 S.W.2d 191, 200 (Tex. Crim. App. 1983) (op. on reh=g)).  In
deciding whether the circumstantial evidence is sufficient to support a
conviction, each case must necessarily be tested by its own facts.  Id. (citing Robinson v. State,
570 S.W.2d 906, 910 (Tex. Crim. App. 1978) and Ysasaga v. State, 444
S.W.2d 305, 308 (Tex. Crim. App. 1969)). 
The State may prove the element of entry through circumstantial
evidence.  Gilbertson v. State,
563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978); Draper v. State,
681 S.W.2d 175, 177 (Tex. App.BHouston [14th Dist.] 1984, pet. ref'd).

When there is independent evidence of a burglary,
the unexplained personal possession of recently stolen property will support an
inference that the possessor is guilty of the offense in which the property was
stolen.  Harris v. State, 656
S.W.2d 481, 483 (Tex. Crim. App. 1983); Hardesty v. State, 656 S.W.2d
73, 76 (Tex. Crim. App. 1983).

C.  Analysis

Eli Daniels testified that on February 5, 2002,
appellant asked him for a ride to 1517 Van Loan Street to pick up a television
set for repair.  Appellant knocked on the
door and receiving no answer, went to the back of the house to see if anyone
was home.  Appellant came back five
minutes later carrying a television set and loaded it in the bed of Daniels= truck.  A
lady then drove up and asked appellant to return her TV.  He put the TV on her porch and left with
Daniels.  Appellant told Daniels that
this lady was the one who asked him to repair the TV, and he wished she would
make up her mind whether she wanted him to fix it.








Patricia Taylor, the owner of the house at 1517 Van
Loan, testified that her daughter, Ferris Anderson, lived at the house.  Taylor said that on February 5, 2002, she
observed appellant in a small truck leaving the driveway of her house at 1517
Van Loan with her television set in the back of the truck.  She told appellant that the television set
belonged to her, and he picked it up, placed it on her front porch, and left.  Taylor testified that she never  gave appellant permission to enter her house,
nor did she ever tell him to fix her television.

Taylor=s daughter, Ferris Anderson, testified that she did
not know appellant.  She testified that
she did not ask him to fix the television, and she did not give him permission
to enter the house.

Appellant testified that, while scanning for
abandoned televisions in the neighborhood, he saw a television sitting toward
the rear of the garage at an abandoned house next to 1517 Van Loan.  He then asked Daniels to help him pick up the
television.  He admitted he was
trespassing and admitted he was wrong in taking the television, but denied
entering the house.

In the instant case, not only did appellant have
possession of the stolen television set in Daniels= truck, but under the circumstances of the case we
find his explanation to be unreasonable. 
By his own explanation, he admits that he stole the television, but says
that he did not enter the house to retrieve it. 
Appellant claims that somebody else burglarized the house and left the
television behind; he happened upon the television following the burglary.  Furthermore, appellant damaged his own
credibility by hiding the circumstances of the theft from Daniels and
falsifying a story that the homeowner wanted her television repaired.  Because the State may prove the element of
entry through circumstantial evidence, appellant=s
admission that he stole the television taken in the burglary in question gave
rise to a reasonable inference that he was guilty of the underlying
burglary.  See Gilbertson, 563
S.W.2d at 608. 








Viewing the evidence in the light most favorable to
the verdict, we conclude  that any rational
trier of fact could have found the essential elements of the offense of
burglary of a habitation with intent to commit theft beyond a reasonable
doubt.  Accordingly, we conclude the
evidence is legally sufficient to support appellant's conviction.  Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
22nd day of August, 2005.











[1] See Tex. Pen. Code Ann. ' 30.02 (a)(3) (Vernon 2003).