**Alton Louis WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0125–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 1984.

Kristine Woldy, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

The opinion delivered December 1, 1983 in this cause is withdrawn and this opinion is substituted therefor.

A jury found the appellant guilty of burglary of a building. At the punishment phase, the appellant pleaded "true" to two prior felony convictions, and the court submitted a charge to the jury on punishment. The jury assessed punishment at life imprisonment.

The appellant challenges the sufficiency of the evidence to support his conviction, and he also asserts that the court's charge to the jury is fundamentally defective. We affirm.

An eyewitness to the crime testified that she was stopped at an intersection traffic light at approximately 2 o'clock in the morning when she heard a burglar alarm sounding at a nearby service station. She observed movement in the station's office, and then saw a man back out the door of the station carrying two white cardboard battery boxes. She watched the man for about five minutes, as he carried the boxes to a car parked by a hamburger stand located behind the service station. She then telephoned the police and gave a general description of the man, his car, and the location of the crime.

A sergeant with the sheriff's office arrived at the scene at approximately 2:03 a.m. and determined that the building had been entered. He noticed a display case half full of batteries, and found Wrigley Spearmint and Big Red chewing gum strewn on the floor as if "somebody grabbed them ... in a rush and spilled them." He then proceeded to the adjacent parking lot where he found the appellant sitting in a vehicle that fit the eyewitness's description of the burglar's car. Inside the appellant's pocket, the sergeant found five packages of gum which were the same brands as the gum on the floor of the service station office. In the trunk of the car, he found two white boxes, each containing a new 12-volt car battery. When questioned, the appellant gave evasive answers. The appellant could not identify the store where he bought the gum, nor could he produce a receipt for the gum. When asked where he had obtained the batteries, the appellant replied, "I stole them from the service station."

The owner of the store testified that eleven batteries were kept in the display case at all times, but on the night in question, two batteries were missing.

The appellant contends that the testimony of the eyewitness showed that she was unable to identify the appellant as the burglar. He argues that her testimony shows that the burglar's back was to her throughout the time she observed him, and that when she returned to the scene, at the request of the officer, she had been unable to identify the appellant as the man she had observed taking the boxes from the station. We note that she did, however,

identify appellant's car as the same car she had described to the police.

The appellant testified in his own defense as follows. He was waiting in the parking lot to pick up a friend who worked at the hamburger stand. He heard the alarm go off twice at the adjacent service station, but said that the alarm later stopped ringing. Just as his friend came out and got into the car, the police arrived. He told the officer that he had purchased the gum from a convenience store about a mile down the street, and that he had found the batteries "over there behind the parking lot, behind the gas station, in the parking lot." He said that he was unemployed at that time and knew he could get some money for old batteries and decided to do so. On cross-examination, he said that he realized that the batteries appeared to be new, but he figured they were probably defective because of where they were found. His friend testified that on the morning in question, she had been working at the hamburger stand and was expecting the appellant to drive her home. She said that when she came out to the car, the appellant was asleep, that she gave him a Coke, and the police arrived.

The appellant argues that because the eyewitness was unable to positively identify him as the burglar, the State's case was based entirely upon circumstantial evidence and that the State did not meet its burden of excluding every reasonable hypothesis other than of the appellant's guilt. He asserts that there was no positive identification of himself as the burglar, and no proof that the gum, the batteries, or the boxes found in his possession were the same ones removed by someone from the store. He asserts that the evidence was therefore insufficient to support his conviction under *Green v. State*, 31 S.W. 386 (Tex.Crim.App.1895), and that the State did not meet its burden by merely showing that the goods in the defendant's possession were the same brand as those stolen. *Nichols v. State*, 479 S.W.2d 277 (Tex.Crim. App.1972).

The State argues that even though the eyewitness could not identify the facial features of the burglar, her general description fit the appellant. This description, coupled with the fact that appellant was found in close proximity to the burglarized building, connected appellant with the crime. *See Garza v. State*, 633 S.W.2d 508 (Tex.Crim.App.1982). Further, the State asserts, the failure of the appellant to offer a reasonable explanation at the time of his arrest for the possession of the recently stolen property supports an inference of his guilt. *Hardesty v. State*, 656 S.W.2d 73 (Tex.Crim.App.1983).

The standard of review of the sufficiency of the evidence, whether direct or circumstantial, requires us to look at the evidence which supports the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. "If the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983).

In this case, an eyewitness saw a man of appellant's general build leave the service station carrying two white battery boxes which he placed in the trunk of a parked car which was later identified by the witness as appellant's car. Two white battery boxes were in fact found in the trunk of this car, corroborating the witness's testimony. Appellant testified that he had been at the scene for approximately two hours and had seen no one else in the vicinity, thereby discrediting the possibility that the man seen by the witness was a person other than the appellant. The evidence in this case permits only one rational inference, namely, that appellant committed the offense of which he was convicted. We therefore overrule appellant's second ground of error.

In contending that the court's charge at the punishment phase of trial was fundamentally defective, the appellant argues that there was a fatal variance between the order in which the appellant's prior convic-

tions were listed in the court's charge and the order listed in the indictment. That is, the court's charge reversed the order of the appellant's prior convictions so that the jury found that after appellant's conviction in 1978 for unauthorized use of a motor vehicle, appellant committed a theft for which he was convicted in 1977. In support of his contention, the appellant cites *Williams v. State*, 596 S.W.2d 903 (Tex. Crim.App.1980). In that case, the court held that a life sentence was improperly imposed where the State failed to prove that the defendant's second previous felony conviction had been for an offense committed after the first previous felony conviction had become final.

The circumstances in the case at bar are distinguishable from those in *Williams*. In the case at bar, the appellant pleaded "true" to the two prior convictions alleged in the indictment for enhancement, and his sentence was automatically set by law at life imprisonment. Tex.Penal Code Ann. sec. 12.42(d) (Vernon 1974); *Harvey v. State*, 611 S.W.2d 108 (Tex.Crim.App.1981), *cert. denied* 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). Thus, because the appellant pleaded true to the enhancement paragraphs, the court was required to assess his punishment at life imprisonment, and the jury had no discretion over the matter. The court's charge must, therefore, be treated as "surplusage" having no effect on the punishment assessed. *See Rodgers v. State*, 649 S.W.2d 371 (Tex.App. —Austin 1983, no writ); *Harvey v. State*, *supra*. The appellant's first ground of error is overruled.

The judgment of the trial court is affirmed.