James L. BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–01195–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 31, 1990.

Randy McDonald, Houston, for appellant.

John B. Holmes, Harris Co. Dist. Atty., Lester Blizzard & Jan Krocker, Asst. Dist. Atty., for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

OPINION

O'CONNOR, Justice.

This is an appeal from a conviction for burglary of a habitation. The jury found James L. Brown, appellant, guilty, found the enhancement paragraphs in the indictment true, and assessed appellant's punishment at confinement in the Texas Department of Corrections for 55 years. Appellant asserts two points of error. We affirm.

On the evening of February 6, 1988, Marvin Grace, the complainant, locked the doors to his house, and went to the grocery store. When he returned, he noticed the back door of his house was open. He then saw two men, about 30 feet from his back door, carrying a television. He recognized the television as his because of the logo on the bottom of the console. Grace told the two men to put his television down. They did so, and ran across the street into a field. When the complainant returned to his house, he saw that someone had kicked in the back door, broken two bedroom door locks, and thrown his clothes on the floor. A tape deck, TV antenna, cassettes, and money were missing.

The complainant testified that he was within three feet of the men when he told them to put his television down, and he identified both of them. He testified that he had seen appellant, one of the two men, at a blood bank before the incident. About a week later, he saw the same man at a washateria and he called the police. Appellant was arrested at that time.

## I. Sufficiency of the evidence

In his first point of error, appellant argues that the evidence is not sufficient to support the conviction. The indictment alleged that appellant entered a habitation with intent to commit theft, without the effective consent of the complainant, who had a greater right to possession of the habitation. TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989).

In reviewing the sufficiency of the evidence, we view it in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984); *Barron v. State*, 773 S.W.2d 44, 46 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd). We must then determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Casillas v. State*, 733 S.W.2d 158, 160 (Tex.Crim.App.1986); *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App. 1985); *Barron v. State*, 773 S.W.2d at 46.

Appellant argues there is no direct evidence that he had been inside complainant's residence. The State can prove appellant's guilt by use of circumstantial evidence. In a circumstantial evidence case, the test of the sufficiency of the evidence is satisfied when the evidence excludes every other reasonable hypothesis except the guilt of the accused. *O'Neill v. State*, 681 S.W.2d 663, 667 (Tex.App.— Houston [1st Dist.] 1984, pet. ref'd). Each fact need not point directly and independently to the guilt of the accused; the cumulative effect of incriminating facts may be enough to support the verdict. *Speaker v. State*, 740 S.W.2d 486, 489 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Evidence that a house has been burglarized, and the accused's unexplained posses-

sion of the stolen property, supports an inference of his guilt. *Watson v. State*, 671 S.W.2d 663, 665 (Tex.App.—Houston [1st Dist] 1984, pet. ref'd); *Medrano v. State*, 658 S.W.2d 787, 790 (Tex.App.— Houston [1st Dist.] 1983, pet. ref'd).

In *Medrano*, a witness saw defendant leaving the yard of complainant's house carrying a rifle wrapped in a rainbow-colored sheet. 658 S.W.2d at 789. A few minutes later, a neighbor discovered that complainant's house had been burglarized. *Id.* Complainant later discovered that his rifle and a rainbow-colored sheet were missing. *Id.* at 790. Because (1) defendant was seen within a few feet of the damaged entry, (2) defendant had possession of the stolen goods immediately after the burglary, and (3) the property matched the description of the stolen goods, the court found the evidence was sufficient to support the jury's finding. *Id.* at 790–91.

In *Watson*, an eyewitness saw a man of defendant's general build leave a service station, which had been burglarized, carrying two white battery boxes. 671 S.W.2d at 664. The owner of the store testified that two batteries were missing after the incident. *Id.* The court found this evidence sufficient to support the verdict. *Id.* at 665; *see also Glover v. State*, 689 S.W.2d 300, 302 (Tex.App.—Houston [1st Dist.] 1985, no pet.) (defendant's immediate apprehension with stolen goods outside the burglarized apartment was sufficient evidence).

In this case, the complainant saw appellant immediately after the burglary, within 30 feet of the entry to his house. The complainant testified that the property in appellant's possession was the same as the property taken from his house. The complainant stated that he was within three feet of appellant when he confronted him on the sidewalk. Thus, he could readily see appellant. After reviewing the evidence in the record before us, we find that the evidence sufficiently supports the verdict.

We overrule appellant's first point of error.

## II. Motion to quash

In his second point of error, appellant asserts the trial court committed reversible error in refusing to grant his motion to quash the indictment. In his motion, appellant alleged that the indictment did not give him enough notice about the meaning of "property" because it did not describe the items that were allegedly taken by appellant.

The Court of Criminal Appeals has held that the identification of property is necessary when the indictment alleges defendant actually "obtained" the property. *Ortega v. State*, 668 S.W.2d 701, 702 (Tex.Crim. App.1983). If, however, the indictment merely alleges that appellant had the "intent" to obtain property, the identification of property is not essential to put him on notice of the State's claims. *Id.* In *De-Vaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim.App.1988), the court stated:

> This Court has repeatedly held that an indictment for burglary as set forth in §§ 30.02(a)(1) or (2) is not fatally defective because it fails to allege the owner, value, description, nature, etc. of the property which the accused allegedly intended to steal.

The indictment in this case did not mention stolen "property." It merely stated that appellant "did then and there unlawfully, *with intent to commit theft,* enter a habitation ... without the effective consent of the complainant." (Emphasis added.) Because the State did not allege that appellant actually obtained property, it did not need to describe property in the indictment. *Ortega,* 668 S.W.2d at 703. The indictment is not defective.

We overrule appellant's second point of error.