TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00120-CR






Peggy Ruth Boney, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT

NO. CR20,572, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 After a bench trial, Peggy Ruth Boney was convicted of the offense of burglary of a
habitation. See Tex. Pen. Code Ann. § 30.02 (West 2003). In two points of error, appellant contends
that the evidence is legally and factually insufficient to support the conviction. Because the evidence
is sufficient, we overrule the points of error and affirm the judgment of conviction.


FACTS

 On the afternoon of May 19, 2002, appellant and Markam Noel Kennedy drove by
the home of Marshall Dawson, an owner of a tire company in Rockdale, and tried to pawn some
items. Dawson had changed the tires on appellant's car and recognized appellant as well as her car. 
Dawson explained that he was not interested in the "what-nots," but "I might hold a V.C.R. or T.V.
or something of that nature, a one piece item instead of several pieces." Appellant and Kennedy left
and returned a few minutes later with a twenty-seven-inch television. Dawson paid them forty
dollars for the television.

 Meanwhile, after being gone for less than an hour in the late afternoon, Larry Joe
Jackson returned to his home in Rockdale to find his television missing. As he arrived at the house,
he observed appellant and Kennedy, both of whom he had known for a few years, pulling out of his
driveway in appellant's car. At trial, Jackson testified that the pair told him, "We'll talk to you in
a little bit." When Jackson discovered his television was missing, he reported it to the police and
told Kennedy that the police wanted to talk to him.

 The next day, after learning the police had been called, Kennedy told Jackson he
would "have the T.V. tomorrow." After retrieving the television the next day from Dawson,
Kennedy returned it to Jackson. Jackson complained that the remote control was missing. Kennedy
responded that he had "never seen no remote control on this T.V."

 At a bench trial, Kennedy testified, denying that he and appellant had stolen the
television. Instead, Kennedy claimed that he bought the television, which he thought was a twenty-five-inch size, and some other items from "a man going out of town." Kennedy asserted that
appellant's only involvement was to give him a ride to his house to pick up the television and return
it to Dawson. He testified that he learned Jackson's television had been stolen when he and
appellant went to Jackson's house to get him to help move some furniture. Kennedy acknowledged
that he left before the police arrived, and, to avoid talking to the police, he retrieved the "other"
television from Dawson and returned it to Jackson.

 Jackson testified that he had attempted to have the charges dropped against appellant
and Kennedy. He acknowledged that appellant paid him money to execute a written statement not
prepared by him, seeking dismissal of the charges.


ANALYSIS

Standard of Review

 When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the judgment. Clewis v. State,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When reviewing legal sufficiency, we view the
evidence in the light most favorable to the judgment and determine whether a rational trier of fact
could have found the elements of the offense beyond a reasonable doubt. Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000). We do not examine the fact finder's weighing of the evidence,
but merely determine whether there is evidence supporting the judgment. Clewis, 922 S.W.2d at 132
n.10.

 In contrast to legal sufficiency, a factual sufficiency review requires the court to view
the evidence in a neutral light. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing
Clewis, 922 S.W.2d at 134). We conduct such a review by examining the evidence that tends to
prove the existence of an elemental fact in dispute and compare it with evidence tending to disprove
that fact. Id. Under a factual sufficiency review, a court will set aside a judgment only if the proof
of guilt is so obviously weak or greatly outweighed by the evidence to render the finding of guilt
clearly wrong and unjust. Zuliani v. State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003).

Burglary of a Habitation

 To support her contention that the evidence presented at trial is both legally and
factually insufficient to support her conviction of burglary of a habitation, appellant argues that the
State failed to prove certain elements of burglary, to wit, that the burglary occurred, that appellant
entered Jackson's habitation without his consent and with intent to commit theft, and that the
habitation was not open to the public. Specifically, appellant urges that the proof was insufficient
to show that she was the individual who caused the theft by entry into the habitation. The indictment
alleged that appellant entered a habitation with intent to commit theft, without the effective consent
of the complainant. See Tex. Pen. Code Ann. § 30.02(a)(1).

 The State can prove appellant's guilt by circumstantial evidence. Gilbertson v. State,
563 S.W.2d 606, 608 (Tex. Crim. App. 1978). In cases in which there is merely circumstantial
evidence, a conviction for burglary may rest upon the defendant having been "found in possession
of recently stolen property without offering an explanation inconsistent with guilt when first called
upon directly or circumstantially to do so." Chavez v. State, 843 S.W.2d 586, 587 (Tex. Crim. App.
1992); see also Watson v. State, 671 S.W.2d 663, 665 (Tex. App.--Houston [1st Dist.] 1984, pet.
ref'd); Medrano v. State, 658 S.W.2d 787, 790 (Tex. App.--Houston [1st Dist.] 1983, pet. ref'd). 
Reliance on this inference, however, is necessary only when there is no direct evidence placing the
defendant at the crime scene. See Chavez, 843 S.W.2d at 586-87. Because this case encompasses
direct evidence placing appellant at the crime scene, it is not necessary to show that she was found
possessing and consciously asserting a right to stolen property.

 In Medrano, a witness saw the defendant carrying a rifle wrapped in a sheet while
leaving the yard of the complainant's house. 658 S.W.2d at 789. A few minutes later, a neighbor
discovered that complainant's house had been burglarized. Id. The complainant later discovered
that his rifle and sheet were missing. Because the defendant was seen within a few feet of the
damaged entry with possession of the stolen goods immediately after the burglary, and the property
matched the description of the stolen goods, the court found the evidence was sufficient to support
the jury's finding. Id. at 790-91.

 In Watson, an eyewitness saw a man of defendant's general build leave a service
station, which had been burglarized, carrying two white battery boxes. 671 S.W.2d at 664. The
owner of the store testified that two batteries were missing after the incident. Id. The court found
this evidence sufficient to support the verdict. Id. at 665.

 In this case, the complainant saw appellant pulling out of his driveway in her car. 
Although he did not see a television in the car, the television was missing from his home. Appellant
and another individual were then found in possession of the television shortly after leaving the
complainant's home. When they were advised by Dawson that he would lend them some money for
a VCR or television, they returned with a television of the same description as the one stolen from
the complainant. That Kennedy returned a television as described by the complainant when he
learned the police had been called and engaged in a conversation about whether the television ever
had a remote control is evidence that the property recovered from Dawson was the same property
as that taken from the complainant's home. This evidence is sufficient to support appellant's
conviction for burglary. See Thompson v. State, 563 S.W.2d 247, 250 (Tex. Crim. App. 1978)
(finding evidence sufficient when, during limited time when entry could have been made, defendant
was observed walking away from scene carrying a small case, defendant fled from scene, and three
items taken in the burglary were found in a field near where defendant seen hiding).

 Because appellant was not present when Kennedy returned the television, and
Dawson handed the money for the television to Kennedy and not to her, appellant urges that the
evidence establishes only that she gave Kennedy a ride in her car and the evidence is insufficient to
establish her guilt. The State responds that appellant is guilty as a party. In a bench trial, the trial
court may use the law of parties if the evidence supports that theory despite the absence of such
allegation in the indictment. See Diaz v. State, 902 S.W.2d 149, 151 (Tex. App.--Houston [1st
Dist.] 1995, no pet.). Under the law of parties, a person is criminally responsible for an offense
committed by another if, acting with the intent to promote or assist in the commission of the offense,
he solicits, encourages, directs, aids, or attempts to aid the person to commit the offense. See Tex.
Pen. Code Ann. § 7.02(a)(2) (West 2003). To determine whether a person acted as a party to an
offense, the trier of fact may look to events occurring before, during, and after the offense, and may
rely on actions that show an understanding and common design to engage in an act. See Burdine v.
State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986). Thus, applying the theory of parties, a person
can be guilty of burglary even though he did not personally enter the burglarized premises if he acted
together with another in the commission of the offense. See Clark v. State, 543 S.W.2d 125, 127
(Tex. Crim. App. 1976); Wilkerson v. State, 874 S.W.2d 127, 129 (Tex. App.--Houston [14th Dist.]
1994, pet. ref'd).

 Here, even if the trial court believed Jackson's equivocal testimony that Kennedy
said, "Here's you a T.V." instead of "Here's your television" as Jackson first reported to the police,
the evidence supports appellant's guilt as a party. Jackson testified that the television was taken
without his consent. At the least, appellant helped Kennedy transport the stolen property from
Jackson's house to Dawson to pawn the item. Dawson told appellant, the driver of the car, along
with Kennedy, that he would make a loan on a television. The testimony at trial, while thin,
established that appellant was a participant in the transaction. In addition, the complainant testified
that appellant paid him to sign a prepared statement to get the charges against her dropped.

 Viewing the evidence in the light most favorable to the judgment, a reasonable fact
finder could have found the elements of burglary of a habitation beyond a reasonable doubt. 
Moreover, the fact finder's judgment of conviction is not clearly wrong or unjust or against the great
weight and preponderance of the evidence.


CONCLUSION

 Accordingly, finding the evidence is both legally and factually sufficient to support
the appellant's burglary conviction, we overrule both points of error and affirm the judgment of
conviction.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: July 24, 2003

Do Not Publish