# NO. 12-09-00348-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN BENJAMIN CRUTCHFIELD,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

John Benjamin Crutchfield appeals his conviction for burglary of a habitation. In two issues, Appellant contends that the evidence is factually insufficient to support his conviction and the trial court erred in admitting evidence related to a prior burglary. We affirm.

### BACKGROUND

Daniel Langen, owner of Noonday Hardware Store, saw two men loading a big screen television into the bed of a truck that was backed up to a mobile home located next to the store. Langen followed the two men when they left in the truck. An employee of the hardware store and his wife saw the truck leaving the area. The employee called the cashier at the store to give her the license plate number. Langen also called the store and gave the cashier the same license plate number. The cashier then called the sheriff's department. Dale Hukill, a deputy with the Smith County Sheriff's Department, found and stopped the truck and placed the two men inside it into custody. The driver of the vehicle was Richard Crutchfield, Appellant's brother. Appellant was a passenger in the vehicle. The owner of the mobile home, Herman Jordan, identified the items in the back of the vehicle as his property.

Appellant was charged by indictment with burglary of a habitation. The indictment

1

alleged that Appellant had two prior felony convictions.   Appellant entered a plea of not guilty to the offense. The jury found Appellant guilty. During the punishment phase, Appellant entered a plea of true to both enhancement paragraphs.   The jury found the enhancement paragraphs true and sentenced Appellant to imprisonment for sixty-five years. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant challenges the factual sufficiency of the evidence supporting his conviction of burglary of a habitation.  Specifically, Appellant asserts that the evidence is factually insufficient to show that Appellant intended to commit theft.

**Standard of Review**

The Texas Court of Criminal Appeals recently held that the *Jackson v. Virginia* legal sufficiency standard is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Appellant did not have the benefit of the court of criminal appeals' opinion in *Brooks* at the time he submitted his brief on the issue of factual sufficiency.   Accordingly, we construe Appellant's issue liberally in the interest of justice and review it under the *Jackson* standard.   *See, e.g.*, *White v. State*, 50 S.W.3d 31, 40 (Tex. App.–Waco 2001, pet. ref'd).

Under this single sufficiency standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).   We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S. Ct at 2789; *Hooper*, 214 S.W.3d at 13.   The jury is entitled to accept one version of the facts and reject another version or any portion of a witness's testimony.  *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981).

Every fact does not need to point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing guilt and may alone be sufficient to establish guilt. *Id*. On appeal, the same standard

2

of review is used for both circumstantial and direct evidence cases. *Id.*

**Applicable Law**

To obtain a conviction for burglary of a habitation, the State was required to prove beyond a reasonable doubt that Appellant, without the effective consent of the owner, entered a habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011). A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id*. § 6.03(a)(1) (Vernon 2011). In a prosecution for burglary, a jury may infer the specific intent to commit theft from the circumstances. *Lewis v. State*, 715 S .W.2d 655, 657 (Tex. Crim. App. 1986). The defendant's intent when he enters a habitation is a fact question for the jury to decide from surrounding circumstances in prosecution for burglary of a habitation with intent to commit theft. *Id.*

**Discussion**

Viewing the evidence in the light most favorable to the jury's finding of guilt, Langen saw two men loading a big screen television into the bed of a truck that was backed up to a mobile home located next to the store owned by Langen. Langen followed the two men when they left the property and called the store to give his cashier the license plate number. The cashier gave this information to the sheriff's department. Deputy Hukill testified that based on the description of the vehicle and the location given to him by witnesses at the hardware store, he located the vehicle later determined to be driven by Richard Crutchfield, Appellant's brother. Appellant was a passenger in the vehicle.

Jordan identified the items in the truck as belonging to him. Specifically, Jordan testified that the television was taken from his master bedroom in his double wide mobile home. He further testified that he locked the door to the mobile home about two days before the incident and that after the break-in, the lock was broken and "cut all to pieces." Jordan also testified that after this particular incident, he found holes in the walls of the mobile home.

Deputy Hukill testified that when he investigated the burglary of the mobile home, he found the door had been forced open by kicking, prying, or using a body to "bust the door open." He further testified that the door frame on the mobile home was "busted open" where the door was kicked in and the door was standing open when he arrived.

Based upon the cumulative force of this evidence, the jury could have reasonably inferred that Appellant had the intent to commit theft. *See, e.g.*, *Watson v. State*, 671 S.W.2d 663, 664-65

3

(Tex. App.–Houston [1st Dist] 1984, pet. ref'd) (evidence eyewitness saw man of defendant's general build leave service station, which had been burglarized, carrying two white battery boxes, and owner's testimony that two batteries were missing after incident sufficient to support burglary conviction).

Appellant testified in his own behalf denying he entered the mobile home or had the intent to commit theft. According to Appellant, Richard asked him to help load items previously bought from someone named Tina and placed on the porch outside the mobile home. According to Appellant, he only helped Richard load the items from the porch into the bed of the truck. Appellant also testified that the door was not open when he arrived at Jordan's property. Although this evidence is contrary to the jury's finding of guilt, we defer to the jury to resolve any conflicts in the testimony, to weigh the evidence, and to draw inferences. *Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *Hooper*, 214 S.W.3d at 13. Furthermore, the jury could have disbelieved Appellant's testimony altogether. *Penagraph*, 623 S.W.2d at 343.

Based upon our review of the evidence in the light most favorable to the verdict, we hold the jury could have found the essential elements of the offense of burglary of a habitation beyond a reasonable doubt. Therefore, the evidence is legally sufficient to support the jury's finding of guilt. We overrule Appellant's first issue.

### ADMISSION OF EVIDENCE

In his second issue, Appellant argues that the trial court erred in admitting evidence that two mobile homes owned by Jordan were burglarized two weeks prior to the offense at issue, including evidence found in Richard's possession that links Richard to the prior burglaries. Specifically, Appellant argues that the evidence was inadmissible under Texas Rules of Evidence 401, 402, 403, and 404(b) and was not same transaction contextual evidence.

**Standard of Review and Applicable Law**

An appellate court reviews a trial court's decision to admit evidence under an abuse of discretion standard. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). An appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id*. An appellate court will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

4

To determine whether evidence is admissible, the trial court must first determine whether the evidence is relevant. ***Montgomery v. State***, 810 S.W.2d 372, 375 (Tex. Crim. App. 1990) (orig. op). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401.   If the evidence is not relevant under Rule 401, the trial court need not move to an analysis under Rule 402.[1]   *See **Montgomery***, 810 S.W.2d at 375-77 (orig. op) (explaining that whether evidence should be admitted is a two-step process, with relevance being the initial issue before determining if the evidence should be excluded because of some other provision) (citing TEX. R. EVID. 402)). Evidence is not relevant when it contributes nothing to the proof of the charged offense and is not necessary to the jury's understanding of the case. ***Lucky v. State***, No. 05-02-00108-CR, 2003 WL 40670, at *5 (Tex. App.–Dallas Jan. 6, 2003, no pet.) (not designated for publication) (driver's citations at time of offense not relevant to passenger's cocaine possession charge).   Evidence that is not relevant is inadmissible. TEX. R. EVID. 402.

Rule 404(b) of the Texas Rules of Evidence bars "evidence of other crimes, wrongs, or acts" when that evidence is admitted to "prove the character of a person in order to show that he acted in conformity therewith." It may, however, be admissible for other purposes, such as "proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident.  .  .  ." TEX. R. EVID. 404(b). It may be proper to admit evidence of a third person's bad conduct under Rule 404(b). ***Castaldo v. State***, 78 S.W.3d 345, 350 (Tex. Crim. App. 2002). Accordingly, if a defendant objects on the grounds that the evidence is not relevant, violates Rule 404(b), or constitutes an extraneous offense, the proponent must show that the evidence has relevance apart from showing character. ***Rankin v. State***, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh'g); ***Montgomery***, 810 S.W.2d at 387 (op. on reh'g). Evidence is relevant for Rule 404(b) purposes if it tends to (1) establish an elemental fact; (2) establish an evidentiary fact leading inferentially to an elemental fact; or (3) rebut a defensive theory. ***Montgomery***, 810 S.W.2d at 387 (op. on reh'g).   An evidentiary fact that stands wholly unconnected to an elemental fact is not a fact of consequence and thus is not relevant. ***Rankin***, 974 S.W.2d at 710 (orig. op.). There must be an inference drawn from the evidentiary fact to an elemental fact to show how the

---

[1] Rule 402 of the Texas Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority. Evidence which is not relevant is not admissible."

evidence makes a "fact of consequence" in the case more or less likely. *See id.*   Further, a third party's extraneous offense is barred under Rule 404(b) when it reflects adversely on the appellant's character and does not fall under one of the exceptions to the rule. *Lucky*, 2003 WL 40670, at *5 (driver's citation for manifesting intent to buy or sell drugs inadmissible because it reflected adversely on appellant's character).

**Discussion**

In this case, the trial court admitted evidence of an extraneous offense committed by Appellant's brother, Richard. Deputy Hukill testified that he found a car title to a 1991 Nissan in Richard's wallet and keys to a Nissan in Richard's pocket. He also testified the title had significance because there was a burglary at the Jordans' mobile home nine days earlier.   Jordan testified that his two mobile homes were burglarized "a couple of weeks" prior to the offense at issue and that his 1991 Nissan car and the title to it were also taken that day.   One of the mobile homes – the double wide – is the location of the burglary in this case.   Jordan told Langen about this incident and asked him to watch his mobile home.   Further, he stated the Nissan keys were taken from the double wide mobile home, but did not specify the date the keys were taken. He also testified about some of the items taken, and the damage caused to his mobile homes during the first burglary. The keys and title found in Richard's possession connect Richard to the prior burglary that took place on Jordans' property "a couple of weeks" prior to the charged offense.   The trial court ruled this evidence was relevant, probative, and admissible under Rule 404(b).   We will assume that the admission of this evidence was error.

Error in the admission of evidence is nonconstitutional error.  *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  Nonconstitutional error that does not affect the substantial rights of the defendant must be disregarded.  *See* TEX. R. APP. P. 44.2(b).  The error does not warrant reversal unless it had a substantial and injurious effect or influence in determining the jury's verdict.  *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

After reviewing the entire record, we conclude that Appellant was not harmed by the admission of evidence tending to show that his brother committed a burglary at the same location approximately two weeks prior to the offense charged in this case.  First, Appellant never denied that his brother committed either burglary.   His claimed status as an unwitting participant is not undermined by evidence that his brother committed, or may have committed, the previous burglary.   Second, for reasons we explained in our evidentiary sufficiency analysis, the jury could

6

convict Appellant solely on the circumstantial evidence relating to Appellant's actions. Therefore, it would not be reasonable or likely for a jury to convict Appellant solely on the circumstantial evidence of Richard's actions. Third, the evidence that his brother committed the earlier burglary is not so inflammatory that the jury would be persuaded by it to reach an unreliable verdict, and the evidence was not unduly emphasized by the State in its presentation of evidence or final summation. Therefore, even assuming that admitting the circumstantial evidence of Richard's prior burglary was error, it did not have a substantial or injurious effect on the jury's deliberations or its verdict. *See King*, 953 S.W.2d at 271; TEX. R. APP. P. 44.2(b). We overrule Appellant's second issue.

## DISPOSITION

We *affirm* the judgment of the trial court.

**BRIAN HOYLE**

Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)