George Washington FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 62564.

Court of Criminal Appeals of Texas, Panel No. 3.

May 5, 1982.

Jerry W. Corbin, Denver City, for appellant.

E. W. Boedeker, Dist. Atty., Warren J. New, Asst. Dist. Atty., Levelland, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment was assessed at confinement for seventy-five years.

Appellant raises four grounds of error on appeal, arguing that: (1) the evidence is insufficient to prove intent to commit a felony; (2) the indictment is defective for failing to state that the complaining witness is not the wife of appellant; (3) the indictment is defective for failing to state the sex of the victim; and, (4) the evidence is insufficient to prove that the complaining witness was not the wife of appellant.

The indictment charged appellant with commission of burglary of a habitation under V.T.C.A., Penal Code Sec. 30.02 which provides, in pertinent part, that a person commits that offense if, without the effective consent of the owner, he enters a habitation with *intent* to commit a felony. V.T.C.A., Penal Code Sec. 30.02(a)(1). See *Prescott v. State*, 610 S.W.2d 760 (Tex.Cr.App.). In the instant case the indictment alleged an intent to commit rape. Appellant's arguments demonstrate the misconception that it is necessary to allege and prove the underlying felony, rape, instead of simply the intent to commit that felony.

It is first contended that the evidence is insufficient to prove an intent to commit rape because there is no reference in the testimony of the complaining witness to rape, sexual contact or sexual intercourse as

those terms are defined in the Penal Code. See V.T.C.A., Penal Code Sec. 21.02, 21.01(1) and 21.01(2). Appellant argues that "the record is void as to numerous elements of the alleged rape or attempted rape of F_____ G_____." Although that may be an accurate proposition, the insufficiency of proof in that regard is immaterial because the indictment alleges an *intent* to rape not the commission or attempted commission of rape.

The evidence shows that during the early morning hours of August 23, 1978, the complaining witness, who was visiting her sister, suddenly heard a choking sound from her sister's bedroom. Upon reaching the room, she noticed a man leaving the room through a window. She called the police and went to the porch to turn on a light. When she turned around she saw appellant, completely nude, coming out of her sister's bedroom. After knocking her sister to the floor, appellant went after the complaining witness. He pushed her onto the divan and threw himself on top of her.

The evidence is sufficient to prove the allegation in the indictment that appellant entered the habitation with intent to rape the complaining witness. See *Prescott v. State*, supra; *Morrow v. State*, 396 S.W.2d 386 (Tex.Cr.App.).

In his second and third ground of error appellant attacks the sufficiency of the indictment in that it fails to allege that the complaining witness is not the wife of appellant, and fails to specify the sex of the complaining witness.

These arguments are meritless. The offense requires an allegation and proof of the *intent to commit* a felony. An indictment is not fundamentally defective for failure to allege the elements of the intended felony. *Vaughn v. State*, 530 S.W.2d 558 (Tex.Cr.App.). See also *Linton v. State*, 452 S.W.2d 494 (Tex.Cr.App.). Thus, it is not necessary that the indictment before us allege the necessary elements of rape under V.T.C.A., Penal Code Sec. 21.02.

Finally, it is contended that the evidence is insufficient to prove that the complaining witness is not the wife of appellant. This proposition may be accurate. However, appellant was not indicted for rape or for burglary under Sec. 30.02(a)(3), which would require proof of the commission or attempted commission of rape. As we stated in *Garcia v. State*, 571 S.W.2d 896, (Tex.Cr.App.), "[i]f the burglarious entry is made with the intent to commit a felony or theft, the offense is complete whether any felony or the crime of theft ever subsequently happens."

Appellant's grounds of error are overruled and the judgment is affirmed.