NO. 07-03-0201-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL A



JANUARY 23, 2004



______________________________




T.J. ROBINSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-401020; HONORABLE CECIL PURYEAR, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 After appellant T.J. Robinson pled not guilty to an indictment alleging burglary of a
habitation with intent to commit assault, a jury found him guilty, and the trial court assessed
as punishment a 20 year sentence. By this appeal, appellant challenges the legal and
factual sufficiency of the evidence to support the conviction and claims the trial court erred
in allowing one of the investigating officers to testify to a legal conclusion over his objection. 
We will affirm.

 In the early morning hours of September 16, 2003, Anthony Walter, his fiancee and
her two daughters were at home watching television when they heard a loud knock at the
front door. Upon answering the door, Walter encountered appellant, whom he had never
seen before. Appellant asked to speak to an individual named "Nathaniel." Walter
informed appellant he knew no one by that name and asked him to go. As appellant was
leaving, he uttered, "In case you doesn't wake up in the morning, you have a good night." 
Perceiving that statement to be a threat, Walter retrieved his handgun and contacted the
police. In response to questioning by the dispatcher, Walter opened the front door to
determine in which direction appellant departed. When he did so, appellant reappeared
and placed his foot inside the door of the house, grabbed Walter about the waist, and
attempted to push him back into the house. Walter resisted, and appellant pulled him out
of the house and thrust him against the burglar bars attached to a window on the porch. 
Following a brief physical altercation, Walter, who was a former Birmingham, Alabama
police officer, discharged his firearm into the concrete porch in an effort to scare appellant
into submission. Walter's tactic worked, and he was able to restrain appellant until officers
arrived at his house. During the scuffle, Walter suffered physical pain and injuries to his
arm and lip.

 By his first issue, appellant maintains the evidence is both legally and factually
insufficient to show (1) he actually entered Walter's home on September 16, 2002; and (2)
he did so with the intention of committing assault. We disagree. In reviewing legal
sufficiency, we view the evidence in the light most favorable to the verdict, and ask whether
a rational trier of fact could find the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573
(1979). In our review, we must evaluate all of the evidence in the record, both direct and
circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740
(Tex.Cr.App. 1999), cert denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 
This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts. Jackson, 44 U.S. at 319. 

 In reviewing the factual sufficiency, we examine all of the evidence neutrally and ask
whether proof of guilt is so obviously weak or greatly outweighed by contrary proof as to
indicate that a manifest injustice has occurred. See King v. State, 29 S.W.3d 556, 563
(Tex.Cr.App. 2000). We must, however, remain cognizant of the factfinder's role and
unique position-one the reviewing court is unable to occupy. See Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App. 2000). The jury determines the credibility of the witnesses and
may believe all, some, or none of the testimony. Chambers v. State, 805 S.W.2d 459, 461
(Tex.Cr.App. 1991). It is the jury that accepts or rejects reasonably equal competing
theories of a case. Goodman v. State, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001). Finally,
a proper factual sufficiency review must include a discussion of the most important and
relevant evidence that supports the appellant's complaint on appeal. Sims v. State, 99
S.W.3d 600, 603 (Tex.Cr.App. 2003). 

 For purposes of this appeal, a person commits burglary if, without the effective
consent of the owner, he enters a habitation with an intent to commit an assault. Tex. Pen.
Code Ann. § 30.02(a)(1) (Vernon 2003). "Enter" means to intrude any part of the body or
any physical object connected with the body. Id. § 30.02(b). A person commits an assault
when he intentionally, knowingly, or recklessly causes bodily injury to another. Id. §
22.01(a)(1) (Vernon Supp. 2004). "Bodily injury" means physical pain, illness, or any
impairment of physical condition. Id. § 1.07(a). 

 Intent to commit a felony, theft, or an assault must exist at the moment of entry or
there is no offense under section 30.02(a)(1). DeVaughn v. State, 749 S.W.2d 62, 65
(Tex.Cr.App. 1988). Furthermore, once unlawful entry is made, the crime is complete,
regardless of whether the intended theft, felony, or assault is actually completed. Ford v.
State, 632 S.W.2d 151, 153 (Tex.Cr.App. [Panel Op.] 1982). Finally, intent is a fact issue
which is usually established by circumstantial evidence and inferred from the acts, words,
and conduct of the accused. See Moore v. State, 969 S.W.2d 4, 10 (Tex.Cr.App. 1998);
see also Dues v. State, 634 S.W.2d 304, 305 (Tex.Cr.App. 1982). 

 Appellant initially challenges the State's evidence establishing his entry into the
Walter home. In support of that challenge, appellant suggests the discrepancies between
Walter's trial testimony and his statement to police on the night of the offense, recorded on
the police car video camera, coupled with Walter's fiancee's ambivalence about whether
appellant indeed entered the house, render the evidence legally and factually insufficient. 
We note, however, Walter was adamant at trial that appellant placed his foot between
Walter's legs "inside the doorway" of the house. That testimony was corroborated by the
testimony of one of Walter's fiance's two daughters, who averred she saw appellant enter
her house with his foot. Similarly, the other daughter testified "[appellant's] foot . . . was
close to where the carpet began." Furthermore, appellant's fiancee affirmed appellant
stepped into her house and "tried to push [Walter] back" into the house. Finally, the
investigating officer testified both daughters told him "that [appellant] actually made it into
the home." (1) The jury was the sole judge of the credibility of those witnesses and the weight
to be given their testimony, and it was also the exclusive province of the jury to reconcile
the conflicts in the evidence. Tex. Code Crim. Proc. Ann. arts. 36.13 & 38.04 (Vernon 1979
& 1981); Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.Cr.App. 2000), cert. denied, 532
U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). By its verdict, the jury clearly resolved
any conflicts in the evidence against appellant and found he, indeed, "entered" the home.

 Next, appellant alternatively argues that because the evidence showed he
committed the assault before he entered the home, "no rational trier of fact could have
found [him] guilty of burglary of a habitation with intent to commit assault." Initially, we note
appellant was not charged with the completed commission of an assault during the course
of a burglary. Therefore, if the jury believed appellant entered Walter's house with the
requisite intent, then the events that transpired after the unlawful entry were irrelevant. See
DeVaughn, 749 S.W.2d at 65. Thus, the jury was only required to consider that evidence
bearing upon appellant's intent at the time he entered the Walter home. Appellant's acts
of grabbing Walter around the waist, pushing him into the house, pulling him onto the
porch, then picking him up and throwing him against the burglar bars on the porch window
were sufficient proof of his intent to commit assault on Walter. Furthermore, the jury, as
the trier of fact, was entitled to believe the testimony of the State's witnesses that appellant
entered the house before he assaulted Walter, and to disbelieve appellant's theory that "the
assault was complete when Mr. Walter sustained the bodily injury after he was first 'pulled'
then 'pushed' and finally 'pulled out'" of the house by appellant. Thus, after reviewing all
of the evidence in the light most favorable to the verdict, we conclude a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Likewise, having considered all of the evidence in a neutral light favoring neither party, we
hold the jury's verdict is not so against the great weight and preponderance of the evidence
as to be clearly wrong and unjust. In short, we conclude the evidence is legally and
factually sufficient to support a finding that appellant entered the house prior to committing
the assault and did so with the intent to commit assault. Appellant's first issue is overruled.

 By his second issue, appellant claims the trial court erred in allowing officer David
Paulk to answer the following question: "And certainly, did Mr. Walter, in the position he
was in, did he have the authority to defend his family?" We disagree. Before the State
asked the foregoing question, it offered into evidence a video taped recording of the
investigating officer's conversation with police dispatch regarding the status of his
investigation at the Walter home. In the video, the following exchange occurred:

 Dispatch: Are you going to charge him [Walter] with anything, or was he
acting in self-defense?

 Paulk: No, he was acting in self-defense, believe me. I just don't
know if - you know, with this kind of stuff, when you discharge
a firearm in self-defense, of course, nobody was struck with the
round, what I need to do with the firearm. I'm not going to
charge him with anything. You know, he was protecting
himself and his family.


Appellant lodged no objection to Paulk's response. 

 To preserve error in admitting evidence, a party must make a proper objection and
obtain a ruling on that objection. Tex. R. App. P. 33.1. In addition, a party must object
each time the inadmissible evidence is offered or obtain a running objection. Valle v. State,
109 S.W.3d 500, 509 (Tex.Cr.App. 2003). An error in the admission of evidence is cured
where the same evidence comes in elsewhere without objection. Id. In this case, by the
time the State asked Paulk whether Walter had the authority to defend his family, Paulk
had already told the jury that he did. Thus, any error in the admission of the objected-to
testimony was cured. Appellant's second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

 
1. Hearsay evidence admitted without objection has probative value as substantive
evidence. Fernandez v. State, 805 S.W.2d 451, 455-56 (Tex.Cr.App. 1991).