Opinion issued June 13, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00459-CR

_____

**WILLIAM EARL DURHAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 75th District Court
Liberty County, Texas
Trial Court Case No. CR28475

**MEMORANDUM OPINION**

A jury found appellant William Earl Durham guilty of the offense of failing to comply with sex-offender registration requirements.[1]  Appellant entered a plea of true to an enhancement allegation of a prior felony conviction, elevating the punishment range from a third-degree felony to a second-degree felony.[2]  The jury assessed appellant's punishment at 12 years in prison.

Appellant raises two issues on appeal.[3]  He challenges the trial court's decision not to admit certain evidence and raises an ineffective assistance of counsel claim.

We affirm.

**Background**

On April 20, 1994, appellant was convicted in 230th District Court of Harris County of the offense of burglary of a habitation with the intent to commit sexual assault.  Based on the conviction, appellant was instructed to register as a sex offender with the local law enforcement authority.  After he was released from

---

[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 62.001 (Vernon Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 62.051 (Vernon Supp. 2012).

[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 62.102 (Vernon 2006); TEX. PENAL CODE ANN. § 12.42(a) (Vernon Supp. 2012).

[3]  This appeal, originally filed in the Ninth Court of Appeals, Beaumont, Texas, was transferred to the First Court of Appeals, Houston, Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013).

prison, appellant lived in Liberty, Texas, at a home owned by his mother. While residing there, appellant registered as a sex offender with the Liberty Police Department.

In December 2010, appellant was indicted by a grand jury in Liberty County for failure to comply with the sex-offender registration requirements. At trial, the State offered proof that appellant no longer resided at his mother's house and that he had failed to provide his new address to local law enforcement authorities. Appellant asserted that he had complied with the registration requirements.

Appellant also contended that he was not required to register as a sex offender, although he had been registering for a number of years, because he had not been convicted of an offense for which he was required to register. To support this contention, appellant sought to admit into evidence documents from a 2005 post-conviction application for writ of habeas corpus proceeding filed in the 230th District Court of Harris County. The habeas proceeding related to a dispute regarding appellant's parole for the burglary conviction. Among the documents appellant sought to admit were the findings of fact and conclusions of law signed by the habeas court. The State objected that the documents were not relevant and would confuse the jury. The trial court sustained the State's objection and denied appellant's request to admit the documents, including the findings of fact and conclusions of law.

The jury found appellant guilty of the offense of failure to comply with the sex-offender registration requirements. Appellant pleaded true to a felony-enhancement allegation in the indictment, elevating the punishment range from a third-degree felony to a second-degree felony. The jury assessed appellant's punishment at 12 years in prison.

Appellant now appeals, raising two issues. Appellant contends that he received ineffective assistance of counsel at trial and that the trial court erred by denying his request to admit into evidence the findings of fact and conclusions of law from the 2005 habeas proceeding.

## Evidentiary Ruling

In his second issue, appellant complains that he is entitled to the defense of mistake of law and that the trial court erred when it refused to admit the findings of fact and conclusions of law from the 2005 habeas proceeding, which he contends indicate that he had not been convicted of an offense for which he was required to register as a sex offender. Appellant argues that, by refusing to admit the findings of fact and conclusions of law, the trial court deprived him of his ability to present his defense of mistake of law.

### A. Standard of Review

We review a trial court's decision to admit or to exclude evidence for abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

4

A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

## B. Statutory Provisions

To understand appellant's evidentiary argument, it is necessary first to understand the relevant statutes involved.

A person commits the offense of failure to comply with the sex-offender registration requirements if he "is required to register and fails to comply" with any of the registration requirements set out in chapter 62 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 62.102(a) (Vernon 2006); *see Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011). A person who is "required to register" is one who, among other circumstances, has a "reportable conviction or adjudication." TEX. CODE CRIM. PROC. art. 62.051(a) (Vernon Supp. 2012) (providing that person who has reportable conviction "shall register . . . with the local law enforcement authority").

A conviction or adjudication for the offense of burglary may be a "reportable conviction or adjudication" for purposes of sex-offender registration. *See* TEX. CODE CRIM. PROC. 62.001(5)(D) (Vernon Supp. 2012). Code of Criminal Procedure article 62.001(5)(D) defines the phrase "reportable conviction or adjudication" to include

5

(D) a violation of Section 30.02 (Burglary), Penal Code, if the offense or conduct is punishable under Subsection (d) of that section and the actor committed the offense or engaged in the conduct with intent to commit a felony listed in Paragraph (A) or (C).

*Id.* Based on this provision, to determine whether a person must register as a sex offender when convicted of burglary, it is necessary to ascertain the following two components:

- (1) Whether the offense or conduct is punishable under Penal Code subsection 30.02(d); and

- (2) Whether the person committed the burglary offense or engaged in the conduct with the intent to commit a felony listed in Code of Criminal Procedure article 62.001(5)(A) or 62.001(5)(C).

*See id.* Here, appellant was convicted of burglary of a habitation with the intent to commit sexual assault. Sexual assault is a felony listed in 62.001(5)(A). *See id.* art. 62.001(5)(A).

When appellant committed the burglary offense in 1992, Penal Code subsection 30.02(d) provided,

(d) [The offense of burglary] is a felony of the first degree if:

(1) the premises are a habitation; or

(2) any party to the offense is armed with explosives or a deadly weapon; or

(3) any party to the offense injures or attempts to injure anyone in effecting the entry or while in the building or in immediate flight from the building.

6

Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, sec. 30.02, 1973 Tex. Gen. Laws 883, 926–27 (amended 1993, 1995, 1999) (current version at TEX. PENAL CODE ANN. § 30.02 (Vernon 2011)) (cited hereinafter as "Former § 30.02(d)").

The judgment of conviction admitted into evidence in this case shows that appellant was convicted of the first-degree felony offense burglary of a habitation with the intent to commit sexual assault.[4] It is not disputed that appellant's burglary conviction was determined to be a felony of the first degree under former Penal Code subsection 30.02(d). Thus, appellant's conviction for the first-degree felony offense burglary of a habitation with the intent to commit sexual assault is a reportable conviction pursuant to Code of Criminal Procedure article 62.001(5)(D) for which he was required to register as a sex offender. *See* TEX. CODE CRIM. PROC. art. 62.001(5)(D).

### C. Discussion

In the trial court, appellant argued that the findings of fact and conclusions of law from the 2005 habeas proceeding should be admitted because they provided a basis for him to believe that he was not required to comply with the sex-offender

---

[4] Two judgments nunc pro tunc were signed regarding appellant's burglary conviction, but appellant does not argue that the signing of the nunc pro tunc judgments support his appellate challenges. The record is clear that appellant was convicted of the first-degree felony offense of burglary of a habitation with the intent to commit sexual assault. The most recent judgment nunc pro tunc from 2006, expressly indicates that appellant was convicted of burglary of a habitation with the intent to commit sexual assault.

7

registration requirements. Appellant asserted that the findings of fact and conclusions of law indicated that he had not been convicted of burglary of a habitation with the intent to commit sexual assault; rather, he had been convicted of the offense of simple first-degree burglary of a habitation.

The State objected on the ground that the findings of fact and conclusions of law from the 2005 habeas proceeding were not relevant to whether appellant was required to comply with the sex-offender registration requirements. The trial court sustained the State's objection and denied appellant's request to admit the document. We determine whether the trial court abused its discretion in sustaining the State's relevancy objection and denying appellant's request to admit the findings of fact and conclusions of law.

In the 2005 habeas proceeding, appellant did not challenge his conviction for burglary of a habitation with intent to commit sexual assault. Instead, the proceeding involved a dispute relating to his eligibility for release on mandatory supervision for the burglary offense. Determination of whether appellant had been eligible for mandatory supervision required the habeas court to determine which subpart part of former Penal Code section 30.02(d) applied to appellant's burglary conviction.

In its findings of fact and conclusions of law, the habeas court determined that appellant had been convicted pursuant to former subsection 30.02(d)(1).[5] That subsection provided that a burglary offense was a first-degree felony if the premises involved was a habitation. *See* Former § 30.02(d)(1). The habeas court also determined that appellant had not been convicted pursuant to former Penal Code subsections 30.02(d)(2) or 30.02(d)(3). Those subsections provided that the offense of burglary is a felony of the first degree if "any party to the offense is armed with explosives or a deadly weapon" or "any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building." *See* Former § 30.02(d)(2), (3).

Although not entirely clear, appellant appears to have argued in the trial court that, by its findings of fact and conclusions of law, the habeas court implicitly determined that he had not injured or attempted to injure anyone during the burglary. He asserted that, based on this determination, he could not have had the intent to commit sexual assault when he committed the burglary. Appellant asserted that, absent the intent to commit sexual assault, he had not been convicted of an offense for which he was required to register as a sex offender. *See* TEX. CODE CRIM. PROC. art. 62.001(5)(A), (D).

---

[5] The findings of fact and conclusions of law were not admitted into evidence but are contained in the record.

On appeal, appellant contends that, by refusing to admit the findings of fact and conclusions of law, the trial court deprived him of his ability to assert the affirmative defense of mistake of law. Penal Code section 8.03, entitled, "Mistake of Law," provides in relevant part:

> (b) It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon:
>
> . . . .
> (2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question.

TEX. PENAL CODE ANN. § 8.03(b)(2) (Vernon 2011).

Citing Penal Code section 8.03, appellant asserts that, had the findings of fact and conclusions of law been admitted into evidence, he would have argued that he did not comply with the sex-offender registration requirements because he reasonably relied on the habeas court's findings and conclusions, which he believed showed that he had not been convicted of an offense for which he had to register. Appellant intimates that he relied on the habeas court's implicit determination that he had not injured or attempted to injure anyone during the course of the burglary, and, thus, he could not have had the intent to commit sexual assault when he committed the burglary.

Appellant's position, however, is contrary to the law. Proving the offense of burglary of a habitation with the intent to commit sexual assault does not require a showing that appellant injured or attempted to injure anyone during the burglary. *See Ford v. State*, 632 S.W.2d 151, 153 (Tex. Crim. App. 1982). Nor does it require a showing that appellant committed or attempted to commit sexual assault. *See id.* Appellant was not convicted of burglary by entering a habitation and actually committing or attempting to commit a sexual assault, a separate offense from burglary of a habitation with the intent to commit sexual assault. *Compare* TEX. PENAL CODE ANN. § 30.02(a)(1) *with* § 30.02(a)(3). A conviction for the offense of burglary of a habitation with the intent to commit sexual assault only requires a showing that appellant *intended* to commit sexual assault when he entered the habitation, not that he actually attempted to commit or committed sexual assault. *See Ford*, 632 S.W.2d at 153.

As stated, the trial court sustained the State's objection that the findings of fact and conclusions of law were not relevant. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Evidence that is not relevant is not admissible. TEX. R. EVID. 402.

11

Given the law, the habeas court's determination that appellant was not convicted under former Penal Code subsections 30.02(d)(2) or 30.02(d)(3)—that is, was not found to have been armed with explosives or a deadly weapon, or to have injured or attempted to injure anyone during the burglary—did not tend to support a reasonable belief by appellant that he was not convicted of an offense for which he had to register as a sex offender. Based on the offense for which he was convicted, appellant offers no argument to show why it was reasonable for him to believe that the findings of fact and conclusions of law established that he was not required to comply with the sex-offender registration requirements.

We conclude it was within the trial court's discretion to determine that the findings of fact and conclusions of law were not relevant evidence. *See* TEX. R. EVID. 401. We hold that the trial court did not abuse its discretion when it sustained the State's relevancy objection and excluded the findings of fact and conclusions of law. *See* TEX. R. EVID. 402.

We overrule appellant's second issue.

### Ineffective Assistance of Counsel

In his first issue, appellant contends that he received ineffective assistance of counsel at trial.

12

## A.    Applicable Legal Principles

To prevail on a claim of ineffective assistance of counsel, an appellant must show the following: (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The first *Strickland* component requires appellant to overcome the strong presumption that counsel's performance falls within a wide range of reasonable professional assistance. *See Andrews*, 159 S.W.3d at 101. The second *Strickland* component requires appellant to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See id*. at 102. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *See id*.

Appellant has the burden to establish both components by a preponderance of the evidence. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A failure to show either (1) deficient performance or (2) sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Carballo v. State*, 303 S.W.3d 742, 750 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd).

13

**B.     Analysis**

In his brief, appellant contends, "It is clear from the record that [appellant's] main strategy [at trial] was that he was not subject to registration as his case was not a reportable offense." Appellant again relies on his assertion that the habeas court's findings of fact and conclusions of law provided a basis to argue that he had not been convicted of the offense of burglary of a habitation with the intent to commit sexual assault but had instead been convicted of only simple burglary. Appellant asserts that defense counsel should have moved to quash the indictment on this basis. He also contends that defense counsel should have re-urged the admission of the findings of fact and conclusions of law during appellant's trial testimony, pointing to instances when he contends the State, on cross-examination, "opened the door" to the admission of the document. As discussed, the findings of fact and conclusions of law do not serve as a basis to support an argument that appellant was not convicted of the offense of burglary of a habitation with the intent to commit sexual assault. *See Ford*, 632 S.W.2d at 153.

A motion to quash the indictment based on the assertion that appellant was not convicted of an offense for which he was required to comply with the sex-offender registration requirements because the habeas court determined that he had not been convicted under Penal Code subsections 30.02(d)(2) or 30.02(d)(3) would have been properly denied by the trial court. Similarly, appellant has not shown

14

that any further request to admit the findings of fact and conclusions of law into evidence to show mistake of law or to show appellant was not required to comply with the registration requirements would have been successful.

Counsel is not ineffective for failing to undertake futile actions. *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *see also Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) ("[A] reasonably competent counsel need not perform a useless or futile act[.]")). We hold that appellant has not met his burden to satisfy the first *Strickland* component to demonstrate by a preponderance of the evidence that his trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064; *Andrews*, 159 S.W.3d at 101–02.

We overrule appellant's first issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

15